45 F.3d 439
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Lewis Aaron COOK Plaintiff-Appellant,
v.
Mark McCRORY, Defendant-Appellee.
 No. 93-5182.
 United States Court of Appeals, Tenth Circuit.
 Dec. 22, 1994.
 
 Before McWILLIAMS, BARRETT and LOGAN, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 Plaintiff Lewis Aaron Cook appeals from an adverse jury verdict in his 42 U.S.C.1983 claim against a Tulsa, Oklahoma, police officer. Our court notified the parties of a possible jurisdictional defect and requested briefing on that issue. We first consider whether we have jurisdiction over this appeal.
 
 
 2
 Both parties agreed to trial before a federal magistrate judge. The consent form instructed the parties to "check appropriate box" and listed two options: (1) "28 U.S.C. 636(c)(4), to take any appeal in this case to a judge of the District Court" or (2) "28 U.S.C. 636(c)(3) to take any appeal in this case to the U.S. Court of Appeals for this judicial circuit." Applt. Brief in Chief, att. 1 (Doc. 35). The defendant signed the consent form in the appropriate spot; plaintiff signed on the front of the form next to the first option and included a handwritten note "I will not waive my Right to appeal to Judge Brett, any adverse Rulin of the U.S. Mag, 5-13-92 (This is Final )." A handwritten "X" appeared in the box next to the first option; a typewritten "X" appeared in the box next to the second option. The district court ordered the referral pursuant to 28 U.S.C. 636(c).
 
 
 3
 Plaintiff filed a timely notice of appeal with the clerk of the district court following entry of judgment on the adverse jury verdict. The magistrate judge subsequently denied plaintiff's Motion for Trial Transcripts, and plaintiff filed a second notice of appeal with the district court from that ruling.
 
 
 4
 The language at 28 U.S.C. 636(c) and Fed. R.App. P. 3.1 state the procedure for appealing a judgment entered after the parties consented to trial before a magistrate judge. The appeal may be directly to the court of appeals unless the parties agree instead to appeal to the district court. In the latter instance, appeal may be had to the court of appeals by petition only.
 
 
 5
 Both parties assert that we lack jurisdiction because they consented to appeal to the district court. 28 U.S.C. 636(c)(4). Further, the clerk of the district court notified our court that the notice of appeal from the adverse jury verdict was sent to us "in error." Applt's Brief in Chief, att. 6. After reading the record, we agree that the parties did not intend to appeal directly to our court following entry of judgment by the magistrate judge. We lack jurisdiction. Therefore, we dismiss this appeal and refer the appeal to the district court for disposition in accordance with 28 U.S.C. 636(c)(4), Fed. R.App. P. 3.1, and the applicable local rules.
 
 
 6
 APPEAL DISMISSED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470